## SUPERIOR COURT.

CHARLES MALLORY and others agt. THE COMMERCIAL INSUR-ANCE COMPANY.

On an American vessel leaving the port of New-York for a trading voyage around the world, a time policy of insurance on her freight was taken out, containing the following restrictive clause:

" To be confined to the *trade* between Atlantic ports of the United States, *or* the ports of Liverpool, London and Havre, and the Pacific ocean, China seas, including Australia, Van Dieman's Land, and ports in the Indian ocean."

*Held*, on the trading voyage having been made to San Francisco, to Australia, to Hong Kong, to Bombay, to Liverpool, and from thence to New-York (having been lost in sight of the American shore), that she was as much within the restricted clause by coming home direct from Liverpool to New-York, as she would have been by sailing around Cape Horn to San Francisco or to the Indian ocean, and from thence to New-York. The company held liable.

*New-York Special Term, January*, 1860.

THIS was an action on a policy on freight on the ship Samuel Willetts, and was tried before Justice PIERREPONT, who rendered the following decision:

PIERREPONT, J. This American vessel left New-York on a trading voyage around the world, and the plaintiffs, through their agents, J. D. Fish & Co., took out a time policy on her freight, containing the following clause: " To be confined to the trade between Atlantic ports of the United States or the ports of Liverpool, London and Havre, and the Pacific ocean, China seas, including Australia, Van Dieman's Land, and ports in the Indian ocean," &c.

The ship proceeded to San Francisco, to Australia, to Hong Kong, to Bombay, and thence to Liverpool, trading meanwhile. From Liverpool she sailed for New-York, and was lost in sight of the American shore.

It is conceded that the defendants would have been liable in the absence of the restrictive clause which is written in the

policy.  It is also conceded that if the vessel had proceeded from Bombay to New-York, and the loss had happened at the identical point where it did in this case happen, that then the defendants would have been liable.

It is further conceded, that in all her wanderings, from the time she left New-York, to the hour she sailed from Liverpool on her return to New-York, she was covered by the policy. But it is claimed that when at Liverpool she had no way of returning home under the policy except to return to " the China seas," " Australia," " Van Dieman's Land," " the Indian ocean," or to some port on the Pacific ocean, and thence home to New-York.

Whether this view of the defendants is correct or not, depends upon the true construction of the written restrictions in the policy.

If the vessel, having gone to San Francisco, Australia, Hong Kong, Bombay, and from thence to Liverpool on her way home, was not confining herself " to the trade " meant in the restrictive clause of the policy, then the defendants are right, and the plaintiffs cannot recover.

It is very clear that she was in the restricted " trade " up to the moment that she left Liverpool for her home in New-York, and that if she had sailed from Liverpool around Cape Horn to San Francisco, and from thence to New-York, she would still have continued in the restricted " trade " indicated in the policy.

The sole question then is, whether, by coming home direct from Liverpool to New-York instead of round by China or San Francisco, she went out of the " trade " within which she was by the policy restricted.

No foreign words or technical terms are used in this written clause of the policy; the words are all English, of every day use, and of import well understood.  What do they mean when used in this policy to restrict the trade of this vessel on her voyage around the world?

I am quite satisfied that no party to this policy supposed, when the policy was written, that the vessel could not stop at

Liverpool on her return voyage from China, and sail from that port direct to New-York, without passing beyond the restricted limits of trade mentioned in the policy.

I am quite persuaded that no intelligent shipping merchant in the city of New-York, on receiving such a policy as this, would suspect that the restrictive clause would prevent the vessel on the return home from China on her "round voyage," from taking cargo at Liverpool direct for New-York.

I think that a vessel so trading is within "the trade" to which she is restricted by the policy.

If there were any custom or usage which could control this natural understanding derived from the plain import of the words employed, it would have been easy to have shown it by shipping merchants familiar with this trade. But no suggestion of such usage was made, and no evidence of such merchants was offered. To the question which was asked of the insurance officer about the course of trade, no basis was laid, and no evidence of his knowledge or capacity to speak on that subject was prepared, and the question was excluded.

I am of opinion that the plaintiffs are entitled to recover.